Statement.

## Staunton.

GARDNER　v.　GARDNER　AND　GARDNER　AND　ANOTHER　v. GARDNER.

SEPTEMBER 13, 1900.

Absent, Riely, J.

1. DEEDS—*Mistake—Undue Influence—Dower—Case in Judgment.*—The evidence in this cause does not show that there was any mistake in conveying the land in controversy to the husband instead of the father-in-law of appellant, nor is it sufficient to show that the deed subsequently made by the husband to the father-in-law was obtained by fraud and undue influence, but, inasmuch as the husband owned the fee in the land, and appellant did not unite with him in the last-mentioned deed, she is entitled to dower in the lands thereby conveyed.

Appeal from two decrees of the Circuit Court of Washington county, pronounced July 12, 1897, and October 2, 1897, in two chancery causes heard together, in one of which the appellant in the first mentioned cause was the complainant, and in the other the appellants in the second mentioned cause were the complainants, and in both of which the appellee was the defendant.

*Reversed in part.*

The opinion states the case.

*J. J. Stuart, L. P. Summers,* and *White & Penn,* for the appellants.

*D. Trigg* and *D. F. Bailey*, for the appellee.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from two decrees of the Circuit Court of Washington county, entered in the above styled causes, heard together, the one on July 12, 1897, refusing to assign dower to the appellant, in the first named cause, in the lands in controversy; and the other on October 2, 1897, denying the prayer of appellants, in the second named cause, that a certain deed made by their father, John Gardner, conveying the lands to the appellee, John W. Gardner, be declared null and void, and dismissing both causes.

The facts out of which the suits arose are as follows: By four several deeds of conveyance, made in the years 1882, 1884, and 1885, John Gardner, son of appellee, John W. Gardner, acquired title of record to certain undivided interests in the lands in controversy, lying in Washington county, and known as the "Fullen lands." In 1889, John Gardner intermarried with appellant, Jennie M. Gardner, and in March, 1891, executed and delivered to his father, John W. Gardner, the following deed:

"This deed, made this March 24th, 1891, between John Gardner, of the first part, and John W. Gardner, of the second part, all of the county of Washington and State of Virginia—

"Witnesseth: That for, and in consideration of, one hundred dollars in hand paid, the receipt of which is hereby acknowledged, John Gardner, party of the first part, has this day bargained, sold, and does hereby convey to the said John W. Gardner, of the second part, all of my interest in the Hiram Fullen and Minnick land, or Peggy Fullen and Hiram Fullen land, lying on both sides of Poor Valley road, adjoining the lands of Hamilton and others, John W. Gardner having bought and paid for the above-named lands, and the deeds were made to John

Gardner, when they should have been made to John W. Gardner; and as the said John Gardner cannot pay him, the said John W. Gardner, for the land, has taken the above one hundred dollars, and conveys his interest in said lands, and John Gardner, party of the first part, warrants generally the title of the lands hereby conveyed.

"Witnesseth the following signatures and seals:

"JOHN W. GARDNER.   [Seal.]"

Shortly after making this deed, John Gardner instituted his suit in equity against John W. Gardner, in the Circuit Court of Washington county, to have the deed set aside and annulled on the ground that it was obtained from him by fraud, and when he was in such a state of intoxication that he was without knowledge of what he was doing; but there were no further proceedings in the cause, John Gardner having, on the 1st day of September, 1891, died intestate, leaving surviving him his said wife and their two infant children, the said Bessie and Sister Gardner.

In April, 1894, appellant, Jennie M. Gardner, instituted her suit in the Circuit Court of Washington county against appellee, John W. Gardner, seeking to have dower assigned to her in the lands conveyed to him by the deed above set out; and, at the same time and in the same court, Bessie and Sister Gardner, by their mother, Jennie M. Gardner, as their next friend, instituted their suit against appellee, John W. Gardner, to have the said deed set aside, on the ground that it was obtained from their father by fraud and undue influence.

The appellee, John W. Gardner, set up as a defence to these suits that the lands in question were bought and paid for by him, and conveyed to him, but by inadvertence, or otherwise, the middle letter of his name, "W.," was omitted, and that John Gardner, his son, recognizing this fact, in order to correct the

mistake, conveyed the lands to him by the deed of March 24, 1891.

Upon oral testimony taken before a commissioner of the court, to whom the causes were referred, in support of appellee's contention, and to which appellants excepted, the Circuit Court made the decrees appealed from.

It is unnecessary for us to determine whether this oral testimony was admissible to alter the documentary evidence showing that John Gardner had such seisin in the lands in controversy after his marriage with appellant, Jennie M. Gardner, as to entitle her to dower therein, for if it were conceded that it was admissible, it is by no means sufficient to sustain appellee's contention that the lands in question were in fact conveyed to him, and the confusion as to title thereto caused by the middle letter of his name being inadvertently, or otherwise, omitted from each of the four deeds above mentioned. One or more of the deeds to John Gardner describe the land conveyed as adjoining the lands of John W. Gardner, the latter having acquired other interests in the "Fullen lands," and owned other lands adjoining. It is true, that "title bonds" for two of the interests in the land were taken by John W. Gardner to himself, and it may be that he paid a part of the purchase money, but he knew that his son, John Gardner, claimed and exercised ownership over the lands. He said on several occasions, during the period in which John Gardner acquired the deeds to the lands, that he was helping the latter, his son, to buy the lands. He united with John Gardner in employing counsel to file a bill in the Circuit Court of Washington county against other parties owning the remaining interests in the "Fullen lands," to have partition of the lands, and in which bill it was averred that John Gardner's interest in the lands was acquired by the four deeds above referred to, and his, John W. Gardner's, interest therein acquired by deed from certain other grantors than those in the deeds to John Gardner. On the 25th day of July, 1887, ap-

pellee united with John Gardner in a deed of trust conveying their interests in the "Fullen lands" and other lands of appellee, upon which he resided, to indemnify and save harmless an endorser of a note made by John Gardner to appellee's order, and by him endorsed. Under these circumstances, it is inconceivable that, in each of the four deeds conveying an interest in the "Fullen lands" to John Gardner, the mistake was made that appellee contends for, and it is incredible that such a mistake could have been made and appellee not have discovered it and demanded a correction till March, 1891, when he procured the deed from John Gardner of March 24, 1891. Appellant, Jennie M. Gardner, not having united with her husband in that deed, is clearly entitled to dower in the lands thereby conveyed; therefore, the decree of July 12, 1897, is erroneous. Sections 2267 and 2502 of the Code.

While the evidence in the cause is sufficient to raise a strong suspicion that the deed of March 24, 1891, was obtained by appellee by fraud, and under influence, as alleged in the bill filed in the second named of these causes, it is, in our opinion, insufficient to sustain the allegation, and therefore the decree of October 2, 1897, in so far as it dismissed that bill, must be affirmed, but reversed and annulled, in so far as it dismissed the bill in the first named cause; and the decree of July 12, 1897, entered in the first named cause, will also be reversed and annulled, with costs to appellant, Jennie M. Gardner, and that cause will be remanded to be further proceeded with in accordance with this opinion.

*Reversed in part.*